**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**ROBERT TRACY WILLIAMS**                                                        **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 3:07-cv-395-HTW-LRA**

**MARK SHEPARD, STEVE RUSHING,**
**NEAL EDMOND AND JANE CAUSEY**                                  **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 on July 11, 2007.  On July 23,

2007, this Court entered an order [3] directing Plaintiff to sign and return to this Court an

Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal

(Form PSP-4), within thirty days.  The Acknowledgment of Receipt and Certification (Form

PSP-3), states in part,

> "[I] have read the above statements [provisions of the PLRA], and fully
> understand that I am obligated to pay the full filing fee, even if I do not have enough
> money at this time.  I have read the above statements, and fully understand that if this
> lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, I may be barred from filing further lawsuits or appeal a
> judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I
> am confined within the Mississippi Department of Corrections."

*Order [doc. 3],* page 5.

Plaintiff was warned in this order that his failure to timely comply with the requirements

of the order may result in the dismissal of his complaint.  Plaintiff failed to comply with this

order.

On September 21, 2007, an order was entered directing Plaintiff to show cause, on or

before October 5, 2007, why this case should not be dismissed for his failure to timely comply

with the Court's July 23, 2007 order.  In addition, Plaintiff was directed to comply with the July

23, 2007 order by filing the required documentation, on or before October 5, 2007.  The show cause order was returned by the postal service with a notation that it was "undeliverable" [5].

Out of an abundance of caution, an order was entered on October 19, 2007, directing Plaintiff to show cause, on or before November 5, 2007, why this case should not be dismissed for his failure to timely comply with the Court's July 23, 2007 and September 21, 2007 orders. In addition, Plaintiff was directed to comply with the July 23, 2007 order by filing the required documentation, on or before October 5, 2007. Once again, the envelope containing the order of October 19, 2007 was returned by the postal service as "undeliverable" [7].

Even though the notice of assignment as well as the orders of July 23, 2007, September 21, 2007 and October 19, 2007, warned Plaintiff that his failure to advise this Court of a change of address would result in this cause being dismissed without further written notice to Plaintiff, he has failed to keep the Court informed of his current address.  In fact, the record indicates that he has not contacted this Court since he filed the instant complaint on July 11, 2007.

Plaintiff failed to comply with three Court orders.  This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006) .

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 30th  day of  November, 2007.

s/ HENRY T. WINGATE
 CHIEF UNITED STATES DISTRICT JUDGE